In the Matter of the Claim of FRANCES CHODAKIWEICZ, Respondent, against EPPINGER & RUSSELL Co., Appellant, and STATE INSURANCE FUND, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of death benefits. The Industrial Board has found that on January 19, 1935, deceased was employed as a fireman and that while engaged in the regular course of his employment he slipped and fell on the oily floor of the cylinder room in his employer's plant, and as a result sustained accidental injuries in the nature of a fractured skull and cerebral hemorrhage, which resulted in his death on the same day. The employer conducted a wood-preserving plant by which lumber was placed in a cylinder and it was treated with steam. The duties of the deceased as fireman were to keep up steam and attend to the boiler. There was a partition between the boiler room and the steam room, referred to as the cylinder room, with an entrance between. None of his duties required deceased to enter the cylinder room. His hours of employment were from midnight until eight A. M. About midnight the deceased was on duty, and looked as if he had been drinking. Later, at about one-thirty A. M. the engineer noticed that the steam was down and searched for decedent, but did not find him until two-thirty A. M. when he found deceased shod, but asleep on the floor of the cylinder room. He cursed when the engineer tried to arouse him and was left asleep on the floor. About four A. M. he was discovered by the engineer lying about seventy feet from his former position, with the injuries from which he shortly died. He was then unshod, but the shoes were found in the cylinder room, which was warm. There was oil on the floor around the place where he was last found. From the foregoing recital it appears that when last seen before the injury the deceased was asleep. Although the deceased abandoned his work during the time he was asleep, it is a fair inference that thereafter he awakened and resumed his work because he was found seventy feet away from the place where he had been sleeping, and there being oil upon the floor where he was lying, it is a fair inference that this caused him to fall and sustain a fracture and injuries from which he died. The brief for the appellant states that " It cannot be disputed that death resulted from a fall." The deceased

being upon the employer's premises, under the circumstances outlined, the finding that he fell in the course of his employment is warranted. The appellant claims that from the evidence it appears that the injuries to the decedent resulted solely from intoxication. If the deceased was caused to fall by reason of slipping on an oily floor, we cannot say that intoxication was the sole cause of his fall. There is evidence supporting the finding of the Board that the injuries were not due solely to intoxication. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.